Justice THOMAS, dissenting.
I join THECHIEF JUSTICE's dissent because it correctly applies this Court's regulatory takings precedents, which no party has asked us to reconsider. The Court, however, has never purported to ground those precedents in the Constitution as it was originally understood. In Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415, 43 S.Ct. 158, 67 L.Ed. 322 (1922), the Court announced a "general rule" that "if regulation goes too far it will be recognized as a taking." But we have since observed that, prior to Mahon, "it was generally thought that the Takings Clause reached only a 'direct appropriation' of property, Legal Tender Cases, 12 Wall. 457, 551, 20 L.Ed. 287 (1871), or the functional equivalent of a 'practical ouster of [the owner's] possession,' Transportation Co. v. Chicago, 99 U.S. 635, 642, 25 L.Ed. 336 (1879)." Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1014, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). In my view, it would be desirable for us to take a fresh look at our regulatory takings jurisprudence, to see whether it can be grounded in the original public meaning of the Takings Clause of the Fifth Amendment or the Privileges or Immunities Clause of the Fourteenth Amendment. See generally Rappaport, Originalism and Regulatory Takings: Why the Fifth Amendment May Not Protect Against Regulatory Takings, but the Fourteenth Amendment May, 45 San Diego L. Rev. 729 (2008) (describing *1958 the debate among scholars over those questions).